Todd M. Friedman (216752)
Darin Shaw (251037)
Law Offices of Todd M. Friedman, P.C.
369 S. Doheny Dr. #415
Beverly Hills, CA 90211
Phone: 877 206-4741
Fax: 866 633-0228
tfriedman@attorneysforconsumers.com
dshaw@attorneysforconsumers.com
Attorney for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRICIA EDWARDS, | ) Case No. |
| | ) |
| Plaintiff, | ) COMPLAINT FOR VIOLATION |
| | ) OF FEDERAL FAIR DEBT |
| vs. | ) COLLECTION PRACTICES ACT |
| | ) AND ROSENTHAL FAIR DEBT |
| CROSSCHECK, INC., | ) COLLECTION PRACTICES ACT |
| | ) |
| Defendant. | ) |

## I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.* (hereinafter "FDCPA"), and the Rosenthal Fair Debt Collection Practices Act, Cal Civ Code §1788, *et seq.* (hereinafter "RFDCPA"), both of which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

Complaint - 1

## II. JURISDICTION

2.  Jurisdiction of this Court arises under 15 U.S.C. §1692k (d).

## III. PARTIES

3.  Plaintiff, Tricia Edwards ("Plaintiff"), is a "consumer" as defined by the FDCPA, 15 U.S.C. §1692a(3) and is a "debtor" as defined by Cal Civ Code §1788.2(h).

4.  At all relevant times herein, Defendant, Redline Recovery Services, LLC, ("Defendant") does business in Sonoma County in the state of California, was a company engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "debt," as defined by 15 U.S.C. §1692a(5), and a "consumer debt," as defined by Cal Civ Code §1788.2(f). Defendant regularly attempts to collect debts alleged to be due another, and therefore is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6), and RFDCPA, Cal Civ Code §1788.2(c).

## IV. FACTUAL ALLEGATIONS

5.  At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this complaint, Defendant contacted Plaintiff in an attempt to collect an alleged outstanding debt.

6.  On or about September 14, 2010, Defendant contacted Plaintiff at her work in an attempt to collect an alleged debt.

7. During the September 14, 2010 conversation, Defendant falsely accused Plaintiff of committing a crime and threatened to send the case to check investigations for check fraud.

8. On at least one occasion, Defendant threatened to negatively report the alleged debt on Plaintiff's credit report, including but not limited to, threats made in a collection letter dated September 14, 2010.

9. On or about September 14, 2010, Plaintiff sent a payment of $900 to Defendant to be deducted towards the alleged debt.

10. On or about September 29, 2010, Plaintiff received a collection letter from Defendant that reflected her due balance as $2,024.00, showing that they had not deducted her payment from September 14, 2010.

11. On or about October 15, 2010, Defendant contacted Plaintiff informing her that they had verified her employment but failed to disclose to Plaintiff the true identity of Defendant, that the call was from a debt collector, and that any and all information obtained would be used for that purpose.

12. Defendant's conduct violated the FDCPA and the RFDCPA in multiple ways, including but not limited to:

   a) Failing to notify Plaintiff during the initial communication with Plaintiff that the communication was an attempt to collect a debt and any information obtained would be used for that purpose (§1692e(11));

Complaint - 3


7. During the September 14, 2010 conversation, Defendant falsely accused Plaintiff of committing a crime and threatened to send the case to check investigations for check fraud.

8. On at least one occasion, Defendant threatened to negatively report the alleged debt on Plaintiff's credit report, including but not limited to, threats made in a collection letter dated September 14, 2010.

9. On or about September 14, 2010, Plaintiff sent a payment of $900 to Defendant to be deducted towards the alleged debt.

10. On or about September 29, 2010, Plaintiff received a collection letter from Defendant that reflected her due balance as $2,024.00, showing that they had not deducted her payment from September 14, 2010.

11. On or about October 15, 2010, Defendant contacted Plaintiff informing her that they had verified her employment but failed to disclose to Plaintiff the true identity of Defendant, that the call was from a debt collector, and that any and all information obtained would be used for that purpose.

12. Defendant's conduct violated the FDCPA and the RFDCPA in multiple ways, including but not limited to:

   a) Failing to notify Plaintiff during the initial communication with Plaintiff that the communication was an attempt to collect a debt and any information obtained would be used for that purpose (§1692e(11));

Complaint - 3

b) Failing to notify Plaintiff during each collection contact that the communication was from a debt collector (§1692e(11));

c) Failing to disclose the caller's individual identity in a telephone call to Plaintiff (§1692d(6));

d) Failing to disclose Defendant's true corporate or business name in a telephone call to Plaintiff (§1692d(6));

e) Falsely representing or implying that nonpayment of Plaintiff's debt would result in the seizure, garnishment, attachment, or sale of Plaintiff's property or wages, where such action is not lawful or Defendant did not intend to take such action (§1692e(4));

f) Threatening to take an action against Plaintiff that cannot be legally taken or that was not actually intended to be taken (§1692e(5));

g) Engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff (§1692d)); and

h) Using unfair or unconscionable means against Plaintiff in connection with an attempt to collect a debt (§1692f)).

13. As a result of the above violations of the FDCPA and RFDCPA Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and

Defendant is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

## COUNT I: VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT

14. Plaintiff reincorporates by reference all of the preceding paragraphs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

    A.    Declaratory judgment that Defendant's conduct violated the FDCPA;

    B.    Actual damages;

    C.    Statutory damages;

    D.    Costs and reasonable attorney's fees; and,

    E.    For such other and further relief as may be just and proper.

## COUNT II: VIOLATION OF ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

15. Plaintiff reincorporates by reference all of the preceding paragraphs.

16. To the extent that Defendant's actions, counted above, violated the RFDCPA, those actions were done knowingly and willfully

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

    A.    Declaratory judgment that Defendant's conduct violated the RFDCPA;

    B.    Actual damages;

    C.    Statutory damages for willful and negligent violations;

    D.    Costs and reasonable attorney's fees,

    E.    For such other and further relief as may be just and proper.

### PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY

Respectfully submitted this 7th day of January, 2011.

By: _____
**TODD M. FRIEDMAN (216752)
LAW OFFICES OF TODD M. FRIEDMAN, P.C.
369 S. Doheny Dr. #415
Beverly Hills, CA 90211
Phone: 877 206-4741
Fax: 866 633-0228
tfriedman@attorneysforconsumers.com
Attorney for Plaintiff**